IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FPX, LLC, (d.b.a. FIREPOND),<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                       **Plaintiff,**<br><br>    v.<br><br>(1)    **GOOGLE, INC.;**<br>(2)    **YOUTUBE, LLC;**<br>(3)    **AOL, LLC;**<br>(4)    **TURNER BROADCASTING**<br>        **SYSTEM, INC.;**<br>(5)    **MYSPACE, INC., and**<br>(6)    **IAC/INTERACTIVECORP**<br><br>                    **Defendants.** | **Civil Action No. 2:09-cv-00142 (TJW-CE)**<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## DOCKET CONTROL AND DISCOVERY ORDER

Following conferences between counsel for the parties, and to assist the Court in connection with the Scheduling Conference to be held on October 26, 2009, the parties hereby report to the Court about their agreements and disagreements as to the scheduling issues identified in the Court's Order entered on September 22, 2009:

1.    Discovery plan for class certification to include number of hours of deposition testimony needed by each party to be ready for a class certification hearing. The parties disagree on the appropriate discovery plan for certification, and their respective proposals are set forth below:

| Depositions | |
|---|---|
| *Plaintiffs' Proposed Plan* | *Defendants' Proposed Plan* |
| Plaintiffs will be allowed a total of 100 hours of fact discovery, excluding expert witnesses.<br><br>Plaintiffs propose that each side be allowed a 7 hour deposition of each expert witness | In the event the Court consolidates discovery in *FPX v. Google Inc., et al.* and *Beck v. Google Inc., et al.*, Plaintiffs as a group are permitted to take a Fed. R. Civ. P. 30(b)(6) deposition of each of the Defendants. (For |

Dockets.Justia.com

| | |
|---|---|
| identified by the opposing side in connection with class certification issues. Because the number of experts to be designated is not yet known, these limits should be separate from the limits for fact discovery. | purposes of 30(b)(6) depositions, Google and YouTube LLC are deemed to be one party). Plaintiffs are also permitted to depose any testifying experts that Defendants may designate. Additionally, Plaintiffs are limited to an additional 20 hours for oral depositions. Each deposition taken is limited to 1 day of 7 hours. |
| Defendants will be allowed a total of 100 hours of fact discovery, excluding expert witnesses.<br><br>Plaintiffs' propose that each side be allowed a 7 hour deposition of each expert witness identified by the opposing side in connection with class certification issues. Because the number of experts to be designated is not yet known, these limits should be separate from the limits for fact discovery. | In the event the Court consolidates discovery in *FPX v. Google Inc., et al.* and *Beck v. Google Inc., et al.*, Defendants as a group are permitted to take a Fed. R. Civ. P. 30(b)(6) deposition of each of the Plaintiffs. Defendants are permitted to depose any testifying experts that Plaintiffs may designate. Additionally, Defendants are limited to an additional 20 hours for oral depositions. Each deposition taken is limited to 1 day of 7 hours. |

| *Written Discovery* | |
|---|---|
| *Plaintiffs' Proposed Plan* | *Defendants' Proposed Plan* |
| Plaintiffs as a group are limited to no more than 35 requests for production, 35 requests for interrogatories and 35 requests for admission, including discrete sub-parts, to each Defendant. Plaintiffs will be allowed unlimited requests for admission insofar as such requests are limited solely to the authenticity of documents. | In the event the Court consolidates discovery in *FPX v. Google Inc., et al.* and *Beck v. Google Inc., et al.*, Plaintiffs as a group are limited to no more than 35 requests for production, 35 requests for interrogatories and 35 requests for admission, including discrete sub-parts, to each Defendant. Plaintiffs will be allowed unlimited requests for admission insofar as such requests are limited solely to the authenticity of documents. |
| Defendants as a group are limited to no more than 35 requests for production, 35 requests for interrogatories and 35 requests for admission, including discrete sub-parts, to each Plaintiff. Defendants will be allowed unlimited requests for admission insofar as such requests are limited solely to the authenticity of documents. | In the event the Court consolidates discovery in *FPX v. Google Inc., et al.* and *Beck v. Google Inc., et al.*, Defendants as a group are limited to no more than 35 requests for production, 35 requests for interrogatories and 35 requests for admission, including discrete sub-parts, to each Plaintiff. Defendants will be allowed unlimited requests for admission insofar as such requests are limited solely to the authenticity of documents. |

| Deadline to Complete Class Discovery | |
|---|---|
| *Plaintiffs' Proposed Deadline* | *Defendants' Proposed Deadline* |
| Close of fact discovery: The filing date of the motion for Class certification, which Plaintiffs propose be **July __, 2010**.<br><br>Close of expert discovery: At least 30 days after rebuttal reports and at least 15 days before the date on which motion for Class certification is due, or **June ___, 2010**.<br><br>Expert discovery is likely to include survey evidence and can only take place after: 1) Defendants respond to written discovery; 2) produce relevant documents; and 3) 30(b)(6) depositions of defendants. | **May 14, 2010** |

2.     The parties agree that twenty (20) days after service of responses to requests for production and disclosures, the parties will produce and serve a privilege log containing only disputed items.  The parties agree to serve initial disclosures pursuant to the Local and Federal Rules on November 25, 2009.

3.     Issues of fact and law that the Court will need to determine for class certification purposes.

Plaintiffs

   a.    Plaintiffs' Issues of fact:

   i)      Whether Google has a policy of selling registered trademarks as keywords and Adwords;

   ii)     Whether Google's policy allows the competitors of registered trademark holders to buy registered trademarks as keywords and Adwords;

   iii)    Whether Google's policy provides any protection for trademark holders against trademark infringement;

   iv)     Whether's Google's policy provides adequate protection for trademark holders against trademark infringement;

   v)      Whether Google's policy of selling registered trademarks to competitors results in initial interest confusion;

   vi)     Whether Google profits from its policy of selling registered trademarks to competitors;

vii)    Whether Google profits from initial interest confusion resulting from its policy of selling registered trademarks to competitors for use as keywords and Adwords;

viii)    Whether Google, including through its AdWords Program, improperly infringe upon the Plaintiff's and the Class Members' respective valuable trademarks by selling them as keywords to the respective competitors of Plaintiff and the Class Members;

ix)    Whether Google, including through its AdWords Program, confused Internet Users and diverted a percentage of such Internet Users from Plaintiff and the Class Members and prevented them from enjoying and benefitting from all of the goodwill and "buyer's momentum" associated with the respective valuable trademarks of Plaintiff and the Class Members;

x)    Whether Defendants have improperly infringed upon the respective marks of Plaintiff and the Class Members by making available the Google search engine on their respective websites and thus benefiting from Google's selling, for example, Plaintiff's and the Class Members' valuable trademarks to the respective competitors as keywords;

xi)    Whether Defendants profit financially from infringing upon Plaintiff's and each Class Member's protected trademarks and assisting and encouraging third parties to do so as well; and

xii)    Whether Defendants further profit financially from infringing upon Plaintiff's and each Class Member's protected marks by collecting fees from the advertiser for each "click-through," thus, profiting from the initial interest confusion of having the Internet Users diverted to competitors' sites, regardless of whether such Internet Users consummate a sale with the competitor or not.

b.    Plaintiffs' Issues of Law:

i)    Rule 23(a):

(1)    Numerosity: whether Plaintiff Class is so numerous that joinder is impracticable (*i.e.*, whether individual litigation involving thousands of Registered Trademark Holders in Texas whose trademarks are sold by Defendants as AdWords would unduly burden the courts);

(2)    Commonality: whether there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.

(3)    Typicality: whether FPX's claims have the same essential characterisitics of those of the putative class, *i.e.*, do FPX's claims arise from the same course of conduct and share the same legal theory as the putative class.

ii)   Rules 23(b)(3):

(1)   Whether this action is maintainable as a class action under Rule 23(b)(2): Whether common questions of law and fact described above predominate over any questions affecting only individual members, and whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

<u>Issues of fact and law identified by Defendants:</u>

i)   Whether Plaintiffs can carry their burden to prove each of the elements of Rule 23?

ii)   Whether the issue of establishing individual ownership of each of the trademarks by the Plaintiffs and putative class members precludes class certification, including on grounds of lack of predominance and unmanageability?

iii)   Whether the issue of determining distinctiveness (i.e., generic, descriptive, suggestive, arbitrary or fanciful) of each of the trademarks of the Plaintiffs and putative class members precludes class certification, including on grounds of lack of predominance and unmanageability?

iv)   Whether the issue of determining likelihood of confusion will preclude class certification, including on grounds of lack of predominance and unmanageability?

v)   Whether Defendants' affirmative defenses, including certain marks (1) were fraudulently obtained; (2) have been abandoned; (3) are used to misrepresent the source of goods or services; and (4) defendants are making "fair use" of any alleged use of the trademarks, preclude class certification, including on grounds of lack of predominance and unmanageability?

4.  Deadline for identifying and filing expert reports. The parties disagree on the appropriate deadlines for identifying and filing expert reports, and their respective proposed deadlines are set forth below:

| *Plaintiffs' Proposed Deadlines* | *Defendants' Proposed Deadlines* |
|---|---|
| Deadlines for (1) Identification of Expert(s) for issues on which a party or parties bear(s) the burden of proof, and (2) filing of any such experts' report(s):<br><br>    1. **February ___, 2010.**<br><br>    2. **April ___, 2010.** | Deadline for Plaintiff to designate any expert witness(es) and file a report for any such witness upon whom Plaintiff intends to rely in support of its Motion for Class Certification: **February 26, 2010**. |

| | |
|---|---|
| Expert discovery is likely to include survey evidence and can only take place after: 1) Defendants respond to written discovery; 2) produce relevant documents; and 3) 30(b)(6) depositions of defendants. | |
| Deadlines for (1) Identification o any rebuttal Expert(s), and (2) filing of any rebuttal Experts' report(s):<br><br>    1. **March __, 2010** (30 days after identification of experts)<br><br>    2. **May ___, 2010** (30 days after opening expert reports). | Deadline for Defendants to designate any such expert witness(es) and file a report for any such witness upon whom Defendants intend to rely in opposition to Plaintiff's Motion for Class Certification: **March 26, 2010**. |

5.    Deadline for *Daubert* and *Kumho* challenges. The parties disagree on the appropriate deadlines for *Daubert* and *Kumho* challenges, and their respective proposed deadlines are set forth below:

| *Plaintiffs' Proposed Deadline* | *Defendants' Proposed Deadline* |
|---|---|
| **July ___ 2010** (same day as Motion for Certification) | **April 16, 2010** |

6.    Deadline for filing any dispositive motions of class certification issues. The parties disagree on the appropriate deadlines for filing any dispositive motions of class certification issues, and their respective proposed deadlines are set forth below:

| *Plaintiffs' Proposed Deadline* | *Defendants' Proposed Deadline* |
|---|---|
| **July ___ 2010**<br><br>The Motion for Class Certification can only be brought after: 1) Defendants respond to written discovery; 2) produce relevant documents; and 3) fact discovery; 4) expert reports, which will include survey evidence; and 5) depositions of experts. | **April 16, 2010** |

7.    Date parties will be ready for class certification.  The parties disagree on the appropriate date the parties will be ready for class certification, and their respective proposed dates are set forth below:

| *Plaintiffs' Proposed Date* | *Defendants' Proposed Date* |
| --- | --- |
| **October ___, 2010**<br><br>The Motion for Class Certification can only be brought after: 1) Defendants respond to written discovery; 2) produce relevant documents; and 3) fact discovery; 4) expert reports, which will include survey evidence; and 5) depositions of experts. | **August 16, 2010** |

8.    Date for the class certification hearing: **To be set by Court.**

9.    Any pending motions: Defendants' motion to consolidate for discovery purposes, filed on October 22, 2009.

10.   Scope of Discovery:  The parties also discussed, and disagreed about, the scope of pre-certification discovery, and their respective positions are set forth below:

| Scope of Discovery Proposed by Plaintiffs | Scope of Discovery Proposed by Defendants |
| --- | --- |
| Plaintiffs' view is that general discovery largely overlaps with class certification discovery and that it would be far more efficient to allow all discovery to proceed simultaneous rather than deferring general discovery until after the certification hearing.  Plaintiffs do not believe bifurcation of discovery is warranted by the specific facts and claims of this case.  Virtually all of the liability-related discovery will overlap completely with the certification-related discovery, as the liability-related discovery (at least from Defendants) will focus on Defendants' policies and procedures and how those policies result in widespread trademark infringement of the Class Marks. | Defendants believe the Court here should adopt the same approach to pre-certification discovery that it did in *Broadhead Limited Partnership v. Goldman, Sachs & Co.*, Civil Action No. 2-06-CV-00009, Document No. 42 (Ward, J.): "Until the Court rules on Plaintiff's motion for class certification, discovery shall be limited to those issues of fact and law necessary for the Court to determine whether or not this case should be maintained as a class action; in so limiting discovery, the Court is mindful that the parties must conduct some limited amount of discovery into the merits of the claim to adequately present their position on the feasibility and propriety of certification; it is not the Court's intent to foreclose any and all discovery into the merits of Plaintiff's claims and the Defendants' defenses." |

Respectfully submitted,

/s/ Marc A. Fenster
Marc A. Fenster, CA Bar No. 181067
Email: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:    310/826-7474
Facsimile:    310/826-6991

Attorneys for FPX, LLC (d.b.a. Firepond), individually
and on behalf of all others similarly situated

/s/ Charles L. Babcock
Charles L. "Chip" Babcock, TX Bar No. 01479500
Email: cbabcock@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:    214/953-6030
Facsimile:    214/953-5822

David T. Moran, TX Bar No. 14419400
Email: dmoran@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:    214/953-6051
Facsimile:    214/661-6677

Carl C. Butzer, TX Bar No. 03545900
Email: cbutzer@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:    214/953-5902
Facsimile:    214/661-6609

Attorneys for Defendants GOOGLE, INC., YOUTUBE,
LLC, AOL LLC, TURNER BROADCASTING
SYSTEM, INC., MYSPACE, INC. and
IAC/INTERACTIVECORP

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on October 22, 2009 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: October 22, 2009                    /s/ Marc A. Fenster
                                           Marc A. Fenster