```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF TEXAS
                             MARSHALL DIVISION

FPX, LLC                         §    Civil Docket No.
                                 §    2:09-CV-142-TJW
                                 §
V.                               §
                                 §    Marshall, Texas
                                 §    October 26, 2009
GOOGLE, INC., ET AL              §    1:30 p.m.

                              **********
JOHN BECK AMAZING PROFITS, LLC   §    Civil Docket No.
                                 §    2:09-CV-151-TJW-CE
                                 §
V.                               §
                                 §    Marshall, Texas
                                 §    October 26, 2009
GOOGLE, INC., ET AL              §    1:30 p.m.
```

**TRANSCRIPT OF SCHEDULING CONFERENCE**
**BEFORE THE HONORABLE CHAD EVERINGHAM**
**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

FOR THE PLAINTIFF:            MR. DAVID MICHAEL PRIDHAM
                              Attorney at Law
                              25 Linden Road
                              Barrington, RI 02806

APPEARANCES CONTINUED ON NEXT PAGE

COURT REPORTER/:              MS. SUSAN SIMMONS, CSR
TRANSCRIBER                   Official Court Reporter
                              100 East Houston, Suite 125
                              Marshall, Texas 75670
                              903/935-3868

(Proceedings recorded by digital recording, transcript produced on CAT system.)

1 | APPEARANCES CONTINUED

  |                              | MR. KIP GLASSCOCK, JR.
2 |                              | Attorney at Law
  |                              | 550 Fannin, Suite 1350
3 |                              | Beaumont, TX 77701

4 |                              | MR. MARC A. FENSTER
  |                              | Russ August & Kabat
5 |                              | 12424 Wilshire Blvd.
  |                              | 12th Floor
6 |                              | Los Angeles, CA 90025

7 | FOR THE DEFENDANTS:          | MR. CHARLES "CHIP" BABCOCK
  |                              | MR. CARL BUTZER
8 |                              | Jackson Walker – Dallas
  |                              | 901 Main St.
9 |                              | Suite 6000
  |                              | Dallas, TX 75202-4207

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2                THE COURT:  Please be seated.
 3                A scheduling conference is set today in Cases
 4   2:09-CV-142 and 2:09-CV-151, FPX versus Google and Beck versus
 5   Google, respectively.
 6                What says the Plaintiff?
 7                MR. GLASSCOCK:  Your Honor, we're ready.  And
 8   if I can introduce my co-counsel is David Pridham and Marc
 9   Fenster, Your Honor.
10                MR. FENSTER:  Good afternoon, Your Honor.
11                THE COURT:  All right.  Good afternoon.
12                I only mentioned Google, but there are other
13   Defendants involved in the cases as well.  Who's here for the
14   Defendants?
15                MR. BABCOCK:  Your Honor, Charles Babcock and
16   Carl Butzer of Jackson Walker for all Defendants.
17                THE COURT:  All right.  Y'all ready to proceed?
18                MR. BABCOCK:  We are, Your Honor.
19                THE COURT:  All right.  Have a seat.
20                Somebody tell me why I shouldn't consolidate
21   these cases for discovery purposes and class -- dealing with
22   the issues of certification.
23                MR. FENSTER:  May it please the Court, Your
24   Honor, Marc Fenster.  If I can, I'd like to address that.
25                THE COURT:  Uh-huh.
```

1    MR. FENSTER: The -- the cases should be
2 consolidated or coordinated for discovery purposes, but not
3 consolidated. These are two separate classes involving
4 different claims, and so while coordination for consoli -- for
5 discovery purposes makes sense because there are overlapping
6 issues, I don't think that consolidation makes sense because
7 there will be different questions for cert -- for
8 certification with respect to each class. The putative class
9 -- the putative classes are different, and putative class
10 claims in each case are different. One is not just a mere
11 subset of the other.
12    THE COURT: Well, how are the class claims
13 different?
14    MR. FENSTER: The class claims in the state
15 case, Your Honor, which is FPX, involve two state claims that
16 are not included in the federal case which is now styled the
17 Rodney Hamilton Living Trust. The -- the two fed -- the two
18 state claims are, one, common law trademark infringement; and,
19 two, unjust enrichment. And those claims are not at issue,
20 nor is there any analog to them in the federal cases -- in the
21 national class.
22    THE COURT: Okay.
23    MR. FENSTER: So there are considerable issues
24 overlapping for discovery purposes, but ultimately there will
25 be different questions for -- for certification, so we --

1  Plaintiffs' position is that we would like consolid --
2  coordination but not consolidation.
3           THE COURT:  Okay.
4           MR. BABCOCK:  Would you like to hear from our
5  perspective, Your Honor?
6           THE COURT:  Well, it was your motion.  I didn't
7  mean to ask for the response first, but I didn't -- I think
8  you just filed your motion a few days ago.
9           MR. BABCOCK:  Yes.  Yes, we did, and -- and it
10 speaks for itself.  The only thing I would add is he forgot
11 that there are four additional Defendants in the FPX case, but
12 the claims -- it's true there are two state claims, but
13 they're identical allegations, identical things they have to
14 prove, and the FPX class is a subset of the Beck class.  In
15 other words, they asked for state -- statewide Texas class
16 certification and nationwide class certification in the Beck
17 case, so the distinctions are in our view without a difference
18 and they are trying to get substantial additional discovery
19 based on those slim -- slim differences.
20          MR. FENSTER:  Your Honor, I don't think that
21 the Plaintiffs are looking for any additional discovery.  We
22 want to make sure that we have sufficient discovery in both
23 cases, but it has been our proposal to Defendants throughout
24 that discovery taken in one case should be used in both and
25 that there should not be duplication between the two cases.

1       THE COURT:  Well, are you asking for a hundred
2  hours of depositions per side in each case?
3       MR. FENSTER:  No.  In the combined cases.
4       THE COURT:  The combined cases.
5       MR. FENSTER:  A hundred hours, total, Your
6  Honor.
7       THE COURT:  Okay. All right. All right.
8  Putting aside the issue of whether they ought to be formally
9  consolidated, I'm going to address the issues of what
10 discovery you -- you're entitled to, and I'm going to give --
11 I'll give you a hundred hours per side in the two cases, and
12 I'll call them for now -- for present purposes coordinated
13 cases.  Whether or not I issue an order that consolidates all
14 or part of them for purposes -- either for discovery or
15 through certification, I'll leave that -- I'll allow you to
16 file a written response to the motion and I'll allow the
17 briefing to -- to -- to complete on that, but, you know, a
18 hundred hours per side is sufficient in these -- for -- for
19 both cases as far as I'm concerned.  So that's going to be the
20 order of the Court on your depositions.
21      I'll adopt your -- well, on your proposed
22 written discovery, are you seeking 35 requests for production,
23 35 requests for interrogatories, and 35 requests for
24 admissions in each case or in the coordinated cases?
25      MR. FENSTER:  Your Honor, I think we're fine

1  having that as the limits for the coordinating cases.
2             THE COURT:  That will be the order of the Court
3  then for the coordinated cases.
4             Working back from certification, in light of
5  the discovery that I'm going to allow in the case, I'm going
6  to set you a certification date toward the end of October
7  2010.
8             Ms. Lockhart, you --
9             COURTROOM DEPUTY:  Yes, sir.
10            THE COURT:  -- I'm going to -- I'm going to set
11 them both on the same day, one in the morning and one in the
12 afternoon.  If I wind up consolidating them and hearing the
13 entirety of the argument that morning, then that may be what
14 we do.
15            Ms. Lockhart, if you can give me a date the
16 last week of October 2010.
17            COURTROOM DEPUTY:  Which week of October?
18            THE COURT:  The last week?
19            COURTROOM DEPUTY:  How about Tuesday, October
20 26th, at 9:30 for one --
21            THE COURT:  Tuesday, October 26th at 9:30 for
22 the FPX, and then the Hamilton case will be set that same
23 afternoon at 1:30.
24            In light of that, y'all think y'all can meet
25 and confer on an agreed order with respect to the other

1  deadlines?
2              MR. FENSTER:  I believe we can, Your Honor.
3              THE COURT:  Well, the one -- one thing I want
4  to ask you about is why are you requesting two different
5  deadlines for the identification of experts and then the
6  service of reports?
7              MR. FENSTER:  Your Honor, they can -- they can
8  be the same date.  What I was concerned about was getting
9  squeezed on the date for the reports because we need time to
10 conduct surveys --
11             THE COURT:  That's --
12             MR. FENSTER:  -- so they can be at a later date
13 and consolidated.
14             THE COURT:  I under -- okay.  Now, Mr. Babcock,
15 if -- I mean, are y'all interested in receiving the identities
16 of their expert and then -- one date and then the service of
17 their reports on a second date or are you interested -- I
18 mean, your proposal to me has it all happening on the same
19 day, which is -- be customary in my Court, but I don't have
20 frankly a preference.  It's y'all's lawsuits, not mine, so...
21             MR. BABCOCK:  We don't have a preference
22 either, either way is fine with us.
23             THE COURT:  Okay.  Well, I'm going to tell you
24 what I'm going to do.  I'm going to go ahead, in light of the
25 discovery that I've -- that I've allowed, I'm going to adopt

1   generally the Plaintiffs' proposal as to when the expert
2   reports are going to be due.  Now, I'll phase them and let you
3   identify the experts at some earlier date if you want to, but
4   -- but the Defendants are telling me that they don't really
5   care one way or the other, so it -- I mean, it would be
6   customary for me to just have a single deadline in there for
7   the disclosure of experts and the --
8             MR. FENSTER:  That makes sense.
9             THE COURT:  -- service of reports, so absent
10  agreement otherwise, I'd -- that'll be the order that -- that
11  I sign.
12            Unless and until the certification order is
13  issued in the case, I would be inclined to allow you to
14  conduct discovery under the rules and not adopt a discovery
15  order that, you know, provides for what -- what I would call
16  mandatory disclosures and what -- I'd ordinarily use in a two-
17  party, you know, case or maybe a two or three-party case that
18  did not involve class action allegations.  I'd wait to adopt a
19  more formal discovery order once certification -- those issues
20  have been decided and I've -- the Court's determined whether
21  or not it's going to proceed as an individual claim or it's a
22  class claim.
23            The general rule that I follow is that
24  discovery is limited to issues of certification so when you're
25  dealing with relevancy fights, you can bear that in mind.  But

1  I also have some understanding of what the -- the circuits
2  look for in assessing certification issues, and there is going
3  to be some overlap in the merits.
4              So, Mr. Babcock, from y'all's standpoint, you
5  know, I think the law is going to require me to look at the
6  merits of claims and defenses as they're asserted, so blanket
7  objections to the relevancy of -- the production of
8  information on the grounds that it goes to the merits of -- of
9  the claims and are not limited to class certification issues
10 are going to be ill-received.  Okay?
11             MR. BABCOCK:  Yes, Your Honor.
12             THE COURT:  With that, what else do y'all want
13 me to do today insofar as resolving your differences in this
14 case?
15             MR. FENSTER:  I think that takes care of it
16 from the Plaintiffs' perspective.
17             THE COURT: Okay.  I think I've resolved your
18 disputes as to discovery limitations.  I've tried to give you
19 some guidance on -- on the schedule that I'd like to see you
20 adopt, and I'm essentially adopting the Plaintiffs' version of
21 -- of when things need to happen and I don't -- y'all know
22 your schedules more than I do, so when you give me a May of
23 2010 date, I -- I'll allow you a week to meet and confer and
24 see if you can pick the right date in May for, for instance,
25 the -- the Defendants -- you know, the rebuttal reports, for

1  instance.  Then sometime in April of 2010 for your opening
2  expert reports.
3        And motion for class certification will be due
4  sometime in July of 2010.
5        MR. BABCOCK:  Your Honor --
6        THE COURT:  Yes, sir.
7        MR. BABCOCK:  -- I just had two brief things.
8  One, there was language that we had found in the Court's order
9  in the class case involving the Goldman-Sachs and Broadhead
10 case, and I think it was Paragraph 15 that -- that gave
11 everybody some guidance as to the -- what you just told us
12 about the overlap between merits and we would -- we would ask
13 that that language be incorporated in whatever order you have
14 just so that we have some guidance and can talk to our
15 clients, et cetera, et cetera.
16       THE COURT:  Well, if you can -- I mean, I don't
17 know that what I said tracks precisely what was said by the
18 Court in the Goldman-Sachs case --
19       MR. BABCOCK:  Pretty close.
20       THE COURT:  -- but that would certainly be one
21 that I look to if I were called up to craft an order.  And if
22 y'all want to supply a copy to counsel and include it in the
23 final order that governs your -- the case through the
24 disposition of class certification, then I'll include it in
25 there.

MR. BABCOCK: That would be great, Your Honor. Yeah, we have supplied it to them and it's also in our proposal, so...

THE COURT: Okay.

MR. BABCOCK: One other matter, and I think maybe I won't speak for Plaintiffs' counsel, but we were a little puzzled about a provision that the Court asked about which is Item 6 in our joint proposal which was deadline for filing any dispositive motions of class certification issues which was a different request for a date than the -- than the class certification hearing.

And as I was looking at it last night, it -- it struck me that there may be a preliminary motion that the Defendants would want to make that perhaps was what the Court had in mind or maybe not, but this is a very unusual case in that as far as we can tell, there's never been a class certified in a trademark dispute like this one.

And there was an identical case that was just decided in Illinois, a case called Vulcan Golf versus -- coincid -- coincidentally Google. And in that case there was no discovery allowed. The Court said that just per se, based on the type of claims that there were, class certification was inappropriate.

I wondered if it would be -- if it would fit in with the Court's schedule, which we're fine about, but to have

some date -- earlier date -- we had said April, but I think maybe earlier than that even -- when we could raise that type of an issue with the Court, just that this is a trademark claim. By the very nature of trademarks, it defies class -- you can't ascertain a class. It's sort of a per se matter. And if the Court would entertain that, great; and if not, we'll just wait until you've made my law firm or they've made my law firm a lot of money and we've done a lot of depositions.

THE COURT: Well, I don't -- I don't have a disinclination to putting that deadline in there. I don't have an aversion to doing it sooner rather than later. I want everybody to understand, though, that the filing of such a motion doesn't stay discovery.

MR. BABCOCK: Right, exactly.

THE COURT: So I mean, I don't want you to -- to resist doing discovery on the grounds that -- that you think I'm going to recommend that motion be granted. Okay?

MR. BABCOCK: Absolutely, yeah.

THE COURT: As long as everybody is on the same page, if you've got something to file, you know, particularly something along those lines, I suggest doing it sooner rather than later if you want to get it before Court. Okay?

MR. BABCOCK: Very well, Your Honor. And if I could -- to the extent the Court's interested, I've got an

```
 1  extra copy of this Vulcan -- Vulcan versus Google case.  If I
 2  could leave it with your law clerk?
 3                  THE COURT:  That would be fine.  Supply a copy
 4  to counsel, as well.
 5                  MR. BABCOCK:  Thank you, Your Honor.  That's
 6  all I had.
 7                  THE COURT:  Well, short of just adopting that
 8  view today and sending everyone on their way, is there
 9  anything else we can do today to resolve the case sooner
10  rather than later?
11                  MR. FENSTER:  No, Your Honor.  I just do want
12  to comment very briefly on the Vulcan matter, Your Honor.
13                  We are very familiar with the Vulcan case.
14  This case is very different than the Vulcan case, and I think
15  that the motion that Defendants are contemplating is actually
16  a motion regarding certification that can only be decided
17  during certification.  I think that it will be a waste of the
18  parties' resources and the Court's time in that it will
19  ultimately be put off until certification, but we'll respond
20  to the motion as -- as it's brought out.
21                  THE COURT:  If they file it, you need to
22  respond to it or ask for such extensions as you think are
23  appropriate in light of what the procedural history of the
24  case is, but -- okay?
25                  MR. FENSTER:  Will do, Your Honor.
```

1    THE COURT:  I've given you the discovery that
2 you've asked for, and if he's got a request to make, I'm
3 generally going to allow parties to make those requests.
4 Okay?
5    MR. FENSTER:  Thank you, Your Honor.
6    THE COURT:  Anything else we can do today from
7 the Plaintiffs' standpoint?
8    MR. FENSTER:  No, Your Honor.  Thank you.
9    THE COURT:  Defendants'?
10    MR. BABCOCK:  No, Your Honor.
11    THE COURT:  All right.  Y'all are excused.
12 Thank you for being here.
13    MR. BABCOCK:  Thank you, Your Honor.
14    COURT SECURITY OFFICER:  All rise.
15       (Hearing adjourned.)
16       *    *    *    *    *
17
18
19
20
21
22
23
24
25

## C E R T I F I C A T I O N

I HEREBY CERTIFY that the foregoing is a correct transcript from the digital recording of the proceedings in the above-entitled matter to the best of my ability.

_____    _____
**SUSAN SIMMONS, CSR**                                          **DATE**
**Official Court Reporter**
**State of Texas No.: 267**
**Expiration date: 12/31/10**